# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | | |
|---|---|---|
| DANNY MCKENZIE AND | § | |
| BARBARA MCKENZIE | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | |
| | § | |
| SUPER 8 MOTELS A/K/A WYNDHAM | § | |
| HOTELS AND RESORTS, LLC, | § | Case No. 6:22-cv-75 |
| SUPER 8 BY WYNDHAM HARKER | § | |
| HEIGHTS KILLEEN FORT HOOD A/K/A | § | |
| SUPER 8 MOTEL A/K/A J & J PRIME, | § | |
| LLC A/K/A DNMP INVESTMENTS, LLC, | § | |
| A/K/A M&M VINAYAK, LLC, | § | |
| MANISH B. PATEL and | § | |
| Z-LINE DESIGNS, INC. | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, DANNY MCKENZIE AND BARBARA MCKENZIE, (hereinafter referred to as "Plaintiffs"), and respectfully file this ORIGINAL Complaint against SUPER 8 MOTELS A/K/A WYNDHAM HOTELS AND RESORTS, LLC, SUPER 8 BY WYNDHAM HARKER HEIGHTS KILLEEN FORT HOOD A/K/A SUPER 8 MOTEL A/K/A J & J PRIME, LLC A/K/A DNMP INVESTMENTS, LLC A/K/A M&M VINAYAK, LLC, MANISH B. PATEL and Z-LINE DESIGNS, INC. (hereinafter referred to as "Defendants"), and in support hereof would state and show the following:

## I.  Parties

1.      Plaintiffs DANNY MCKENZIE AND BARBARA MCKENZIE are married and are residents and citizens of Villa Rica, Carroll County, Georgia.

2.      Defendant SUPER 8 MOTELS A/K/A WYNDHAM HOTELS AND RESORTS, LLC is a foreign corporation organized and existing according to the laws of the State of Colorado but doing business in the State of Texas at all times material hereto. Service of process upon this Defendant may be done by serving its registered agent Corporate Creations Network, Inc. at 155 E. Boardwalk #490, Fort Collins, CO. 80525.

3.      Defendant SUPER 8 BY WYNDHAM HARKER HEIGHTS KILLEEN FORT HOOD A/K/A SUPER 8 MOTEL A/K/A J & J PRIME, LLC A/K/A DNMP INVESTMENTS, LLC, A/K/A M&M VINAYAK, LLC, Inc. ("Super 8 Motel") is a Texas corporation organized and existing according to the laws of the State of Texas and doing business in the State of Texas at all times material hereto. Service of process upon this Defendant may be had by serving its registered agent, Manish B. Patel, at his address of 540 E. Central Expressway, Harker Heights, Texas 76548 or wherever he may be found.

4.      Defendant Manish B. Patel is a resident and citizen of Harker Heights, Bell County, Texas, and service of process upon this Defendant may be had by serving him at his address of 540 E. Central Expressway, Harker Heights, Texas 76548 or wherever he may be found.

5.      Defendant Z-LINE DESIGNS, INC. is a California corporation organized and existing according to the laws of the State of California but doing business in the State of Texas at all times material hereto. Service of process upon this Defendant may be

had by serving its CEO, Jim Sexton, at his home address of 4455 Deer Ridge Road, Danville, CA 94506 or wherever he may be found.

## II. Subject Matter Jurisdiction

6.      This Court has subject-matter jurisdiction over the lawsuit under the provisions of 28 U.S.C. Section 1332.

7.      The parties to this lawsuit are citizens of different states, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

## III. Facts

8.      On or about February 1, 2020, Danny McKenzie was staying at the Super 8 Motel located at 540 E Central, Harker Heights, Texas.

9.      Mr. McKenzie was attempting to relax and watch tv in his hotel room by sitting in a chair provided and maintained by Super 8 Motel and understood to be designed by Z-Line Designs, Inc.

10.      When Mr. McKenzie sat in the chair, the back broke causing him to fall backwards striking the nightstand with his head and hitting his arm on the bedrail as the chair also rolled out from underneath him resulting in a broken arm and injuries to Mr. McKenzie's spine.

 

11.     It is understood that Defendant Z-Line Designs, Inc. is responsible for the design, manufacturing, testing, marketing and assembly of the chair in question.

12.     Defendants Super 8 Motels a/k/a Wyndham Hotels And Resorts, LLC Super 8 by Wyndham Harker Heights Killeen Fort Hood a/k/a Super 8 Motel a/k/a J & J Prime, LLC a/k/a  DNMP Investments, LLC a/k/a M&M Vinayak, LLC, and Manish B. Patel are responsible for design of the room and maintenance and upkeep of the furniture in the hotel rooms, including the chair in question.

### IV. CAUSES OF ACTION AS TO DEFENDANTS SUPER 8 MOTELS A/K/A WYNDHAM HOTELS AND RESORTS, LLC, SUPER 8 BY WYNDHAM HARKER HEIGHTS KILLEEN FORT HOOD A/K/A SUPER 8 MOTEL A/K/A J & J PRIME, LLC A/K/A DNMP INVESTMENTS, LLC A/K/A M&M VINAYAK, LLC, MANISH B. PATEL

13.     Defendants Super 8 Motels a/k/a Wyndham Hotels And Resorts, LLC Super 8 by Wyndham Harker Heights Killeen Fort Hood a/k/a Super 8 Motel a/k/a J & J Prime, LLC a/k/a  DNMP Investments, LLC a/k/a M&M Vinayak, LLC, and Manish B. Patel (Hereinafter "Super 8 Motel") was in the business of providing hotel rooms and furniture for the comfort and convenience of their customers, including the Chair.

14.     Defendant Super 8 Motel is responsible for the assembly, maintenance and inspection of the Chair while it is in its hotel room and being utilized by customers.

15.     Defendant Super 8 Motel was negligent in not following the proper instructions for assembly and maintenance of the Chair and failing to maintain the Chair so as to keep it operating in a safe manner for their customers, including the Plaintiff Danny McKenzie.

16.     Defendant Super 8 Motel was negligent in not performing and/or not properly performing repairs to the Chair to prevent the accident from occurring.

17.     Defendant Super 8 Motel's actions and/or inactions were a proximate and/or producing cause of Plaintiff Danny McKenzie's injuries and Plaintiffs' damages.

## V. Cause(s) of Action as to Z-Line Designs, Inc.

18.     It was entirely foreseeable to and well-known by the Defendant that accidents and incidents involving its products, such as occurred herein, would on occasion take place during the normal and ordinary use of said Chair.

19.     The injuries and damages complained of herein occurred because the Chair in question was not reasonably fit for unintended, but clearly foreseeable accidents and incidents.  The Chair in question was unreasonably dangerous in the event it should be involved in an incident such as described above.

20.     Defendant designed, manufactured, marketed, assembled, and/or tested said Chair in question to be unreasonably dangerous and defective within the meaning of Section 402(A) Restatement (Second) Torts, in that the Chair was unreasonably dangerous as designed, manufactured, assembled, marketed, and/or tested because of the following non-exhaustive list defects:

a.      the frame of the chair is weak, inferior and/or unstable;
b.      the chair violated principles of engineering;
c.      Defendant failed to conduct any type of engineering analysis and testing that evaluated how the chair would perform under dynamic loading;
d.      the chair violates principles of risk versus utility as well as consumer expectation; and
e.      the chair failed to provide adequate warnings as to the use of the chair by the end user.

21.     Defendant was negligent in the design, manufacture, assembly, marketing, and/or testing of the Chair in question.

22.     Defendant impliedly warranted to Plaintiff and the general public that the Chair left the place of manufacture in a merchantable condition and free from defects.

18.     Defendant impliedly warranted to Plaintiff and the general public that the Chair, which it supplied, was fit for the ordinary purposes for which such chairs are used. In reliance thereon, Plaintiff Danny McKenzie occupied the Chair and was injured.

23.     Defendant breached said implied warranties of merchantability in that:

    a.    the said chair was not in merchantable condition when provided to the general public; and

    b.    the said chair, and all others like it. was not free from defects.

24.     Furthermore, a condition of the chair rendered it unfit for the ordinary purposes for which such chairs are used because of a lack of something necessary for adequacy.

25.     In reliance thereon, Plaintiff occupied the said chair and was injured.

26.     Defendant breached implied warranties of fitness for a particular purpose in that:

    a.   Defendant knew or had reason to know the particular purpose for which its product and/or component parts was required;

    b.    Defendant had reason to know that the user of its chair was relying on the skill and judgment of Defendant to select or furnish a suitable product; and

    c.    The product and/or component parts supplied by Defendant was unfit for the particular purpose intended.

27.     Specifically, the following defects consist of, but are not limited to, the following:

   a.     the design permitted the Chair to be used by end users without proper warning; and

   b.     the design of the Chair was defective in permitting the Chair to fracture.

28.     Defendant breached of the implied warranties of merchantability and fitness for a particular purpose were the proximate and/or producing cause of Plaintiff Danny McKenzie's injuries and Plaintiffs' damages. Said breach occurred within the four year statute of limitations. The filing of this action shall serve as Plaintiff's notice of the warranty breaches.

29.     The foregoing acts and/or omissions of Defendant was a producing and/or proximate cause of the Plaintiffs' damages.

30.     The foregoing acts and/or omissions of Defendant was a producing and/or proximate cause of Plaintiff Danny McKenzie's serious, debilitating and permanent injuries.

## VI.  Damages to Plaintiffs

31.     As a result of the acts and/or omissions of Defendants, Danny McKenzie has suffered physical pain and mental anguish in the past, physical pain and mental anguish that in the future, disfigurement sustained in the past and future, physical impairment in the past and future, and loss of earning capacity in the future.

32.     As a result of the acts and/or omissions of Defendants, Plaintiffs have become obligated to pay necessary and reasonable medical expenses in the past and will, in all likelihood, into the future for injuries to Danny McKenzie realized in this incident.

33.     The above and foregoing acts and/or omissions of Defendants, resulting in the injuries to Plaintiff Danny McKenzie, have caused actual damages to Plaintiffs in an amount in excess of the minimum jurisdictional limits of this Court.

## VII. JURY DEMAND

34.  Plaintiffs assert their rights under the Seventh Amendment to the U.S. Constitution and respectfully demands, in accordance with Federal Rule of Civil procedure 38, a trial by jury on all issues.

## VIII.  CONCLUSION AND PRAYER

35.     For the reasons presented herein, Plaintiffs pray that the Defendants be cited to appear and answer, and that upon a final trial of this cause, Plaintiff recovers judgment against Defendants jointly and severally for:

a.     actual damages;
b.     economic and non-economic damages;
c.     prejudgment and post-judgment interest beginning February 1, 2020;
d.     costs of suit; and
e.     all other relief, general and special, to which Plaintiffs are entitled to at law and/or equity, and/or which the Court deems proper.

Respectfully submitted,

  /s/ Stewart D. Matthews
Stewart D. Matthews
State Bar No. 24039042
Attorney@accidentlawyer.legal
2106 W. Ennis Avenue
Suite B
Ennis, Texas  75119
(972) 398-6666 – Phone
(214) 206-9991 – Fax

**Attorney for Plaintiffs**